1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                        **DISTRICT OF NEVADA**
8

9   JOHN BOWYER,                    )
                                    )
10          Petitioner,             )      3:04-CV-0654-LRH-RAM
                                    )
11   vs.                            )      ORDER
                                    )
12   CRAIG FARWELL, *et al.*,       )
                                    )
13          Respondents.            )
     _____ )
14

15       Respondents have filed a motion to dismiss the petition for writ
16   of habeas corpus filed by John Bowyer.  Docket #15.  As the basis for
17   their motion, respondents contend that Bowyer has failed to exhaust
18   his state court remedies for three of his four federal habeas claims.
19   Bowyer has not opposed the motion.
20       A.  The Exhaustion Requirement.
21       A federal court will not grant a state prisoner's petition for
22   habeas relief until the prisoner has exhausted his available state
23   remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509, 515-16
24   (1982); 28 U.S.C. § 2254(b).  A federal court cannot hear a "mixed
25   petition," – that is, a petition that contains both exhausted and
26   unexhausted claims for habeas corpus relief.  *Rose*, 455 U.S. at 521-

22; *Szeto v. Rusen,* 709 F.2d 1340, 1341 (9th Cir. 1983).  Thus, if a single one of the claims in the petition is unexhausted, the court is obliged to dismiss the petition for lack of exhaustion.

State remedies have not been exhausted unless the claim has been "fairly presented" to the state courts and the highest state court has had an opportunity to dispose of the claim on the merits. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)*; O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Furthermore, a petitioner has not exhausted his state court remedies unless he "characterized the claims he raised in the state proceedings *specifically* as federal claims."  *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000).  To meet the *Lyons* requirement that a claim be identified as grounded in federal law, the petitioner must have supported the claim in state court proceedings with either a reference to specific provisions of the federal constitution or statutes or a cite to federal case law.  232 F.3d at 670.  The Ninth Circuit Court of Appeals has held that citation to a state case is sufficient to present a federal claim if the state case "analyz[es] a federal constitutional issue".  *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  However, mere similarity between state and federal claims is not sufficient for exhaustion purposes.  *Duncan*, 513 U.S. at 366.

B.  Bowyer's Claims.

Respondents contend that Bowyer has failed to exhaust his state court remedies for Grounds One, Two, and Four of his current federal petition.  With respect to Grounds One and Two, Bowyer indicates in

2

his petition (docket #10) that he exhausted his state court remedies in the direct appeal of his conviction.  While he did raise a claim similar to Ground One in his opening brief to the Nevada Supreme Court, his argument in support of that claim was grounded in state, not federal law.  Exhibit 10.[1]  Thus, Ground One is unexhausted.

Ground Two, on the other hand, was fairly presented as a federal law claim to the Nevada Supreme Court.  In Ground Two, Bowyer claims that his federal right to due process was violated because the state did not present sufficient evidence to support a finding that the sexual conduct for which he was convicted occurred without the victim's consent.  In his opening brief on direct appeal, Bowyer cited to *McNair v. State*, 108 Nev. 53, 825 P.2d 571 (1992) (Exhibit 10, p. 19), which applied the federal law standard outlined in *Jackson v. Virginia*, 443 U.S. 307, 319,(1979).  *McNair*, 108 Nev. at 56.  Moreover, Bowyer cited to the Due Process Clause of the United States Constitution in arguing the issue in his reply brief.  Exhibit 12, p. 4.  Thus, Ground Two is exhausted.

In Ground Four, Bowyer claims that he was deprived of effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, because his state trial counsel failed to file a motion for a mental evaluation of the victim.  Respondents argue that Ground Four is unexhausted because, to the extent that the claim may have

---

[1]  Because Bowyer has not opposed the respondents' motion to dismiss, the court is left to assume that respondents have provided an accurate record of the pertinent state court proceedings.  That record and the exhibits referred to herein are located at docket ##16/17.

3

been raised in Bowyer's state post-conviction proceedings, it was insufficiently plead.  While respondents have been unable to produce a copy of Bowyer's post-conviction petition, they point to the Nevada Supreme Court's conclusion on appeal that twenty of Bowyer's ineffective assistance of counsel claims "were completely devoid of specific factual support."  Exhibit 15, p. 6.

Without a copy of Bowyer's petition, this court is unable to determine whether Ground Four was among the claims presented to the state court.  It is Bowyer's burden, however, to prove that he has exhausted his state court remedies for each of the claims in his federal petition.  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Because Bowyer has not come forward with evidence to the contrary, Ground Four is unexhausted.

C.  Conclusion.

The court finds that Bowyer has not exhausted his state court remedies for Grounds One and Four.  Consequently, the court finds Bowyer's First Amended Petition to be a "mixed" petition – one containing both claims exhausted in state court and claims not exhausted in state court.  As such, the entire petition is subject to dismissal, unless Bowyer elects to abandon the unexhausted claims.

As an alternative, the court may, under some circumstances, stay habeas proceedings and hold the petition in abeyance while the petitioner returns to state court to exhaust remedies.  In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court recently

4

placed some limitations upon the discretion of this court to facilitate a habeas petitioner's return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

125 S.Ct. at 1535.

In view of *Rhines*, if Bowyer wishes to return to state court to exhaust his unexhausted claims, he must make a showing of good cause for his failure to exhaust his unexhausted claims, and he must show that his unexhausted claims are not plainly meritless. The court will grant petitioner an opportunity to make that showing. Alternatively, if Bowyer wishes, he may file a declaration stating that he wishes to abandon his unexhausted claims (Grounds One and Four) and proceed in this action with his remaining exhausted claims.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #15) is **GRANTED.** The court finds Grounds One and Four to be unexhausted in state court.

**IT IS FURTHER ORDERED** that, if petitioner wishes to return to state court to exhaust his unexhausted claims, petitioner shall have

**thirty (30) days** from the date of entry of this Order to show good cause for his failure to exhaust his unexhausted claims, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless.   Respondents shall thereafter have **twenty (20) days** to respond.  Petitioner shall thereafter have **fifteen (15) days** to reply.

**IT IS FURTHER ORDERED** that, in the alternative, if petitioner wishes to abandon his unexhausted claims (Grounds One and Four) and proceed in this action with his remaining exhausted claims, petitioner may, within **thirty (30) days** from the entry of this order, file and serve a declaration to that effect.  If petitioner abandons his unexhausted claims, respondents shall answer or otherwise respond to the remaining claims in the habeas petition within **thirty (30) days** of the service of petitioner's declaration to that effect.

DATED: January 24, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

6