1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **DISTRICT OF NEVADA**

8

9 JOHN A. BOWYER,         )
                            )

10         Petitioner,    )        3:04-cv-00654-LRH-RAM
                            )

11 vs.                     )
                            )        ORDER

12 CRAIG FARWELL, *et al.*,    )
                            )

13         Respondents.    )
_____/

14

15      This action proceeds on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, by

16 petitioner John Bowyer, a Nevada prisoner.  Before the Court is respondents' motion to dismiss

17 (docket #37).

18 **I.     Procedural History**

19      Petitioner was charged on May 25, 2001, with first degree kidnapping (count I), three counts

20 of sexual assault (counts II-IV), and solicitation to commit murder (count V) for offenses committed

21 against his mentally disabled adult niece.  Exhibit 4.[1]   After a jury trial, petitioner was convicted on

22 June 8, 2001 of one count of sexual assault (count III) and solicitation to commit murder, and

23 acquitted of the remaining charges.  Exhibit 8G.  The District Court for Clark County sentenced

24 petitioner on July 30, 2001, to life imprisonment with the possibility of parole in ten years for count

25 II and to a minimum of 26 months and a maximum of 120 months for count V.  Exhibit 8H.  The

26 court entered a judgment of conviction on August 21, 2001.  Exhibit 9.

27 _____

28      [1]  The exhibits cited in this order are those filed by respondents in support of the first motion to
dismiss, and are located in the record at docket #16 and 17.

1    Petitioner appealed, and the Nevada Supreme Court affirmed his convictions.  Exhibit 13.

2  Petitioner then mailed a habeas corpus petition to the district court on October 7, 2003.  Exhibit A.[2]

3  The petition contains ineffective assistance of counsel claims, ineffective assistance of appellate

4  counsel claims, claims of trial court error, and the grounds that were raised on direct appeal.  *Id.*

5  The district court denied the petition without holding an evidentiary hearing.  Exhibit 14.

6    The Nevada Supreme Court affirmed the lower court's denial on October 4, 2004.  Exhibit

7  16.  The court addressed eight of petitioner's ineffective assistance of counsel claims on the merits,

8  and denied the balance of the twenty additional ineffective assistance claims as conclusory or devoid

9  of factual support.  *Id.* at 6.  The court also noted that petitioner's arguments that appellate counsel

10  was ineffective were also lacking in factual support, but the court concluded that petitioner failed to

11  establish that an appeal of any of the issues raised would not have had a reasonable likelihood of

12  success.  *Id.* at 7-8.  Next the court addressed petitioner's claims of trial court error, finding that the

13  claims were outside the scope of a post-conviction petition for a writ of habeas corpus.  *Id.* at 8.

14  Finally the court stated that the law of the case doctrine barred the court from addressing the claims

15  that had been previously raised on direct appeal.  *Id.* at 8-9.

16    On October 19, 2004, petitioner mailed his federal habeas petition to this Court (docket #7).

17  After filing an amended petition that raised four grounds for relief (docket #10), respondents moved

18  to dismiss the petition, arguing grounds one, two and four were unexhausted (docket #15).  This

19  Court found grounds one and four to be unexhausted (docket #18).  Petitioner elected to abandon

20  those claims (docket #19).  Respondents filed an answer to the remaining claims (docket #22), but

21  prior to a merits determination, petitioner moved to amend his petition (docket #33).       This court

22  granted petitioner leave to file a second amended petition for a writ of habeas corpus (docket #35).

23    Petitioner filed his second amended habeas corpus petition, alleging fifteen grounds for relief

24  (docket #36). Ground five contains approximately thirty-one sub-claims, (a) through (ee), ground six

25  contains sub-claims (a) through (i), ground eight contains sub-claims (a) through (c) and ground ten

26

27    [2] Exhibit A, located in the record at docket #31, contains petitioner's state habeas corpus petition
28  that was filed in response to this court's order granting petitioner's motion to compel production of the
record (docket #29).

1   contains sub-claims (a) through (e).  Respondents moved to dismiss claims 5(a), (c), (d), (e), (f), (h),

2   (i), (j), (k), (l), (m), (n), (o), (p), (r), (s), (t), (v), (x), (y), (aa), (bb), (cc), (dd), 8(a), 8(c), 9, 10(a),

3   10(d), 10(e), 11, 13 and 14, arguing those claims were procedurally defaulted in the state court

4   (docket #37).  Moreover, respondents contend that claims 6(a) through (i) should be dismissed as the

5   claims are unsupportable by factual allegations and are unanswerable.  *Id.*  Petitioner opposes the

6   motion to dismiss (docket #42).

7   **II.  Procedural Default**

8       **A. General Principles**

9       Generally, in order for a federal court to review a habeas corpus claim, the claim must be

10  both exhausted and not procedurally barred.  *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir.

11  2003).  Procedural default refers to the situation where a petitioner in fact presented a claim to the

12  state courts but the state courts disposed of the claim on procedural grounds rather than denying the

13  claim on the merits.  A federal court will not review a claim for habeas corpus relief if the decision

14  of the state court regarding that claim rested on a state law ground that is independent of the federal

15  question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31

16  (1991).  The *Coleman* Court stated the effect of a procedural default as follows:

17          In all cases in which a state prisoner has defaulted his federal claims in
            state court pursuant to an independent and adequate state procedural rule,
18          federal habeas review of the claims is barred unless the prisoner can
            demonstrate cause for the default and actual prejudice as a result of the
19          alleged violation of federal law, or demonstrate that failure to consider
            the claims will result in a fundamental miscarriage of justice.
20

21  *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

22      To demonstrate cause for a procedural default, the petitioner must be able to "show that some

23  objective factor external to the defense impeded" his efforts to comply with the state procedural rule.

24  *Murray*, 477 U.S. at 488.  For cause to exist, the external impediment must have prevented the

25  petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

26      With respect to the prejudice prong of cause and prejudice, the petitioner bears:

27          the burden of showing not merely that the errors [complained of]
            constituted a possibility of prejudice, but that they worked to his actual
28          and substantial disadvantage, infecting his entire [proceeding] with

3

1    errors of constitutional dimension.

2    *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (quoting *United States v. Frady*, 456 U.S. 152,

3    170 (1982)).  If the petitioner fails to show cause, the court need not consider whether the petitioner

4    suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d

5    528, 530 n.3 (9th Cir. 1988).

6    **B. Application to the Instant Case**

7         In this case, some of petitioner's claims were procedurally defaulted.  On the appeal from the

8    denial of petitioner's state-court habeas petition, the Nevada Supreme Court addressed eight of

9    petitioner's claims on the merits.  The claims addressed in that court correspond to claims 5(b), 5(g),

10   5(q), 5(u), 5(w), 5(z), 7, 10(c), and 10(d) contained in petitioner's federal habeas petition.  The trial

11   court then stated:

12            Bowyer raised approximately twenty additional claims of
         ineffective assistance of trial counsel that were completely devoid of
13       specific factual support. [fn 17: *See Hargrove*, 100 Nev. At 502, 686 P.2d
         at 225] Because Bowyer did not adequately articulate how his counsel
14       was ineffective with respect to these claims, the district court did not err
         in denying him relief.

15                                    ....

16            Bowyer next claimed that: (1) the district court made disparaging
17       remarks and was personally biased; (2) there was insufficient evidence
         that he committed sexual assault; (3) the district court and the prosecutor
18       committed cumulative error; (4) the jury instructions were legally invalid
         and incomprehensible; (5) the testimony of an unqualified state was
19       unreliable; (6) this court did not conduct a fair and adequate review of his
         direct appeal; (7) his constitutional rights were violated by the
20       misconduct and bias of a juror; and (8) his rights were violated by a paid
         police informant.  These claims are outside the scope of a post-conviction
21       petition for a writ of habeas corpus, and should have been raised on direct
         appeal. [fn 22: *See* NRS 34.810(1)(b)(2).] Further, Bowyer did not
22       include specific facts to support these claims. [fn 23: *See Hargrove*, 100
         Nev. At 502, 686 P.2d at 225.] Thus, the district court did not err in
23       denying him relief.

24   Exhibit 16.[3]

25

26   _____

27        [3] The approximately twenty additional claims of ineffective assistance of counsel correspond
     to petitioner's claims 5(a), 5(c) through (f), 5(h) through (p), 5(r) through (t), 5(v), 5(x), 5(y), 5(aa)
     through (dd), and claims 8(a) and (c), raised in the instant petition.  The eight claims of trial court error
28   raised below correspond to petitioner's claims 8(b), 10(a), (d) and (e), claim 9, claim 11 and claims 13
     through 15.

                                        4

1    For the procedural default doctrine to apply, "a state rule must be clear, consistently applied,

2  and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005,

3  1010 (9th Cir. 1994). *See also Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129

4  (9th Cir. 1996).

5               **1. Conclusory or Factually Unsupported Claims**

6    Respondents assert that Nevada's "procedural rule" that claims must be supported by

7  specific factual allegations as opposed to pleading naked or bald assertions, was well-established,

8  adequate and independent at the time it was applied to petitioner's conclusory claims.  Petitioner

9  argues that the Nevada Supreme Court did not procedurally bar any of his claims and instead

10  addressed the merits of each of his claims.

11    The Court is not persuaded on the showing and argument made and based upon the

12  authorities cited that a denial for lack of pleading specificity is a basis for procedural default.  The

13  Nevada Supreme Court did not refrain from reviewing the claims, as is the case with procedural

14  default, but instead reviewed each claim and determined the claims were insufficient and did not

15  warrant state post-conviction habeas relief.  The motion to dismiss, with respect to claims 5(a), 5(c)

16  through (f), 5(h) through (p), 5(r), 5(s), 5(t), 5(v), 5(x), 5(y), 5(aa) through (dd) and claims 8(a) and

17  (c) will be denied.

18               **2. NRS 34.810(1)(b)(2)**

19    Petitioner argues, as was previously noted, that the court did not refrain from

20  reviewing his claims on procedural grounds.  This contention, with respect to some of petitioner's

21  claims, is incorrect.  The Nevada Supreme Court stated that petitioner's claims of trial court error

22  were outside the scope of the post-conviction writ as they could have been raised on direct appeal.

23  Exhibit 16.  The court cited to NRS 34.810(1)(b)(2). *Id.*

24    The Ninth Circuit Court of Appeals has held that, at least in non-capital cases,

25  application of NRS 34.810 is an independent and adequate state ground.  *See Vang v. Nevada*, 329

26  F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207 (9th Cir. 1999).  This Court finds

27  that the Nevada Supreme Court's holding that review of petitioner's claims of trial court error was

28  barred pursuant to NRS 34.810 is an adequate and independent ground.   Petitioner's opposition

1   contains no arguments relating to "cause" for the procedural default, therefore grounds 8(b), 10(a),

2   10(d), 10(e), 9, 11, 13, 14 and 15 shall be dismissed.

3   **III.  Sufficiency of Claims Contained in Ground 6**

4          Respondents argue that claims 6(a) through (i) should be summarily dismissed as they are

5   "single-sentence claims" that are unsupported by factual allegations and as such are unanswerable.

6          A petitioner claiming ineffective assistance of appellate counsel must demonstrate that

7   counsel was deficient or his performance fell below an objective standard of reasonableness, and that

8   this deficiency prejudiced the outcome of the proceeding.  *Strickland v. Washington*, 466 U.S. 668

9   (1984); *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002) (stating that claims of ineffective

10  assistance of appellate counsel use the same standard announced in *Strickland*).

11         Petitioner's claims in ground six contain only conclusory assertions about appellate counsel's

12  performance.  Petitioner fails to specifically outline the errors that allegedly occurred at trial and

13  what appellate counsel should have done differently.  Moreover, petitioner does not allege how

14  counsel's failure to raise these issues on appeal affected the outcome of his direct appeal.

15  Conclusory allegations not supported by a statement of specific facts do no warrant habeas corpus

16  relief.  *See Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir.

17  1994).  Furthermore, the failure to allege specific facts that support a claim renders the claim

18  conclusory on its face and subject to dismissal for failure to state a claim.  *See Hill v. Lockhart*, 474

19  U.S. 52, 59 (1985).   Thus the motion to dismiss with respect to grounds 6(a), 6(b), 6(c), 6(d), 6(e),

20  6(f), 6(g), 6(h) and 6(i) will granted and these claims will be dismissed.

21         **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #37) is

22  **GRANTED IN PART AND DENIED IN PART.**  The Court finds Grounds  8(b), 10(a), 10(d),

23  10(e), 9, 11, 13, 14 and 15 were procedurally defaulted in state court, and that petitioner has not

24  made a showing of cause for that procedural default.  The Court also finds Grounds 6(a), 6(b), 6(c),

25  6(d), 6(e), 6(f), 6(g), 6(h) and 6(i) are conclusory claims that do not warrant federal habeas corpus

26  relief.

27         **IT IS FURTHER ORDERED** that Grounds 6(a), 6(b), 6(c), 6(d), 6(e), 6(f), 6(g), 6(h), 6(i),

28  8(b), 10(a), 10(d), 10(e), 9, 11, 13, 14, and 15 of the Second Amended Petition are **DISMISSED.**

1    **IT IS FURTHER ORDERED** that respondents shall have sixty days from the date of entry

2    of this order, to file and serve an **Answer** to the claims remaining in the Second Amended Petition.

3    DATED this 9th day of May, 2008.

4

5

6

7    _____
     LARRY R. HICKS
8    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28